IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OKLAHOMA GENETIC, INC.,

    Plaintiff,

v.

DUSTIN KELLEY, et al.,

    Defendants.

Case No. 17-1275-JTM-GLR

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Compel and to Deem Requests for Admission Admitted (ECF 39). Pro se defendants Dustin Kelley a/k/a Dustin Sherwood and MK Farms have failed to respond. For the reasons set forth below, the Court grants the motion.

**I.**    **Relevant Procedural Background**

On March 21, 2018, Plaintiff served its First Set of Requests for Admission and Interrogatories and Documents Requests to Defendants.[1] On March 23, 2018, Defendants' counsel filed a motion to withdraw. (ECF 24). Because the Scheduling Order had not yet been filed at the time of defense counsel's motion to withdraw, the Court held a hearing on the motion ordering Defendants to appear as well. (ECF 32). Defendants failed to appear. (ECF 33). The Court denied defense counsel's motion to withdraw without prejudice to a similar motion after defense counsel had the opportunity to mail Defendants a copy of the Scheduling Order. On April 12, 2018, defense counsel filed a second motion to withdraw, including a copy of the Scheduling Order. (ECF 34). In his letter to Defendants, defense counsel also noted the

---

[1] In its motion to compel, Plaintiff attaches copies of the discovery requests sent to Defendants, including a Certificate of Service dated March 21, 2018. (ECF 39-1, 39-2, 39-3, and 39-4). Plaintiff filed notices of service of discovery stating it had served discovery on both Defendants on March 23, 2018. (ECF 27 and 28). Defendants failed to timely respond, however, regardless of whether the discovery was served March 21 or March 23.

telephone status conference set for August 28, 2018. (ECF 34-3). Defense counsel filed proof of service that Dustin Kelley signed for the second motion to withdraw. (ECF 35). The Court granted defense counsel's second motion to withdraw on May 10, 2018. (ECF 36).

Plaintiff filed its motion to compel on July 13, 2018, with leave of the Court. (ECF 38). It states it never received a response to its discovery requests from Defendants, despite defense counsel informing them twice of their responsibility to respond. Plaintiff further sent Defendants a good faith letter allowing them until May 30, 2018 to respond. Defendant Dustin Kelley signed for the letter.

Defendants have responded neither to the discovery requests nor to the motion to compel. Pursuant to D. Kan. Rule 6.1(d), their response to the motion to compel was due July 27, 2018. Absent a response, pursuant to D. Kan. Rule 7.4(b), the Court considers the motion to compel as an uncontested motion. The Court nevertheless considers the reasons set forth in Plaintiff's motion to compel to determine if the requested relief is appropriate.

II.  Analysis

In support of its motion, Plaintiff cites Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A), and Fed. R. Civ. P. 37 (a)(3)(B). Rules 33 and 34 allow parties 30 days to respond to discovery requests after service. Rule 37 allows a party to file a motion to compel upon failure of the opposing party to respond to the requests.

The Court finds under these rules that Defendants should be compelled to respond to Plaintiff's interrogatories and requests for documents. They have been served with the discovery requests and with notice from their former counsel that their responses were due 30 days after service. Plaintiff also allowed Defendants an extension of time to respond. Yet Defendants still

failed to respond. The Court hereby directs Defendants to respond to Plaintiff's Interrogatories and Document Requests within 30 days from the date of this order.

Plaintiff also requests an order finding its Requests for Admissions to be deemed admitted. Plaintiff served them on Defendants on the same day as its other discovery requests. Under Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants have failed to serve any written answer or objection to Plaintiff's requests. Therefore, the Court deems the facts and matters requested by them to be admitted.

Finally, Plaintiff requests attorneys' fees and costs related to the motion to compel under Fed. R. Civ. P. 37(a)(5). That rule provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Accordingly, on or before September 14, 2018, Plaintiff shall file with the Court and serve upon Defendants a memorandum, setting forth its proposal for sanctions. Defendants shall then have 21 days after service of the proposal, within which to file a written response to the memorandum. If Defendants fail to respond, the Court will consider the request for attorneys' fees and costs as unopposed and enter an appropriate order to grant them.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Compel and to Deem Requests for Admission Admitted (ECF 39) is granted. On or before September 14, 2018, Plaintiff shall serve upon Defendants and file its memorandum of proposed sanctions. Defendants shall have 21 days after such service, within which to respond by filing with the Court and serving Plaintiff with a written response.

**IT IS SO ORDERED.**

Dated August 28, 2018, at Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
