# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| OKLAHOMA GENETICS, INC., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-01275-JTM-GEB |
| DUSTIN KELLEY, et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Memorandum Brief in Support of Sanctions (ECF No. 46). The Court conducted an in-person hearing on October 4, 2018. Plaintiff appeared through counsel, David M. Rapp and Mark M. Henry. Pro se Defendants Dustin Kelley a/k/a Dustin Sherwood and MK Farms ("Defendants") failed to appear.

**I.    Relevant Procedural Background**

On August 29, 2018, Magistrate Judge Gerald L. Rushfelt entered a Memorandum and Order[1] granting Plaintiff's Motion to Compel and to Deem Requests for Admission Admitted ("Motion to Compel")[2] based on Defendants' failure to respond to any of Plaintiff's discovery requests. Relying on Fed. R. Civ. P. 37(a)(5),[3] Judge Rushfelt

---

[1] ECF No. 43. This Memorandum and Order also contains additional background information regarding the case that need not be repeated here.
[2] *See* ECF Nos. 39 and 40.
[3] Rule 37(a)(5) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

preliminarily approved Plaintiff's request for attorneys' fees and cost incurred in making the Motion to Compel. Accordingly, Plaintiff was ordered to file with the Court and serve upon Defendants a memorandum setting forth its proposal for sanctions by September 14, 2018.[4] Defendants were given until twenty-one days after service of the memorandum to file a written response.[5] Additionally, Judge Rushfelt specifically stated that if "Defendants fail to respond, the Court will consider the request for attorneys' fees and costs as unopposed and enter an appropriate order to grant them."[6] Judge Rushfelt also scheduled a telephone conference for October 4, 2018 to discuss the sanction issue.[7]

On September 6, 2018, this case was reassigned to the undersigned magistrate judge.[8] Plaintiff filed its Memorandum Brief in Support of Sanctions ("Memorandum") on September 12, 2018.[9] Plaintiff served the Memorandum on Defendants by first class mail that same day, making Defendant's response deadline October 9, 2018.[10] On September 19, 2018, the undersigned entered an Order and Notice of Hearing converting the October 4, 2018 telephone conference into an in-person hearing, and had the U.S. Marshalls serve the same on Defendants.[11]

---

[4] ECF No. 43, at p. 3.
[5] *Id.*
[6] *Id.*
[7] ECF No. 42.
[8] ECF No. 45.
[9] ECF No. 46.
[10] *Id.*; *see also* Rule 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a).").
[11] ECF Nos. 47-49.

As stated above, Plaintiff appeared at the hearing through counsel, but Defendants failed to appear. Defendants also failed to file a written response to Plaintiff's Memorandum by the October 9, 2018 deadline.

## II. Legal Standard and Discussion

Pursuant to Rule 37(a)(5), Plaintiff's Memorandum requests $2,924.50 in attorneys' fees based on Judge Rushfelt granting its Motion to Compel against Defendants. In relevant part, Rule 37(a)(5) provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Because Defendants did not appear for the October 4, 2018 hearing or respond in writing to Plaintiff's Memorandum by October 9, 2018, the Court considers Plaintiff's request for **$2,924.50** in attorney fees' unopposed and **GRANTS** the same.[12]

Even though the Court will grant Plaintiff's request for attorneys' fees, it will analyze subsections (i)-(iii) of Rule 37(a)(5) to ensure such a sanction is appropriate. As

---

[12] *See* Judge Rushfelt's Memorandum and Order (ECF No. 43, p. 6) stating that if "Defendants fail to respond, the Court will consider the request for attorneys' fees and costs as unopposed and enter an appropriate order to grant them."; *see also* D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

to subsection (i), the record shows Plaintiff tried to obtain the discovery without court action, but Defendants have been non-responsive and chosen not to participate in this lawsuit.[13] As to subsection (ii), Defendant's nondisclosure is not substantially justified as they completely failed to respond to Plaintiff's discovery requests and have not communicated with Plaintiff or this Court regarding any reason for their failure to do so.[14] Finally, the Court is not aware of any circumstances that would make an award of expenses unjust.

**IT IS THEREFORE ORDERED** that Plaintiff's request, per Rule 37(a)(5), for **$2,924.50** in attorneys' fees is **GRANTED**. Within **thirty days** of the date of this Order, Defendants Dustin Kelley a/k/a Dustin Sherwood and MK Farms shall pay to Plaintiff the sum of **$2,924.50**, and shall file with the Court a receipt or affidavit showing such payment has been made.

**IT IS FURTHER ORDERED**, as discussed during the October 4, 2018 hearing, that all deadlines in this case shall be **STAYED** pending Plaintiff's anticipated motion practice to move disposition of this case forward given Defendants' lack of participation. Plaintiff shall file any necessary motion to accomplish this by **November 2, 2018**.

**IT IS SO ORDERED**.

---

[13] *See* ECF Nos. 39 and 43 describing Plaintiff's efforts.
[14] *See, e.g., Am. Contractors Indem. Co. v. Atamian*, No. CIVA 08-2586-JWL/GLR, 2009 WL 5177771 (D. Kan. Dec. 22, 2009) (granting request for attorneys' fees where defendants failed to comply with discovery requests).

Dated at Wichita, Kansas this 16th day of October 2018.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge