IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


OKLAHOMA GENETICS, INC.
      Plaintiff,

vs.                                                                 No. 17-1275-JTM

DUSTIN KELLY also known as DUSTIN
SHERWOOD, MK FARMS, and JOHN
DOES 1-25.,
      Defendants.


MEMORANDUM AND ORDER


Plaintiff Oklahoma Genetics, Inc. (OGI) alleges that defendants Dustin Kelly and MK Farms violated the Plant Variety Protection Act (PVPA), 7 U.S.C. § 2561, by knowingly selling the "Gallagher" wheat variety in violation of OGI's exclusive license with the owner of the variety. Kelly and MK tried to resist service of process, but later appeared in the action and were represented by counsel. Citing professional and ethical considerations, defense counsel subsequently withdrew from representation. (Dkt. 36). OGI has moved for both summary judgment and default judgment on its claims. (Dkt. 58).

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment,

the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The following facts are uncontroverted in light of the defendant's admissions, and the other evidence submitted by OGI, including the Gallagher PVP Certificate which Oklahoma State University affiliate Oklahoma Agricultural Experiment Station (OAES) issued to OSU, and the exclusive license agreement between OSU and OGI.

OSU, through its affiliate OES, owns the Gallagher variety. The Gallagher PVP Certificate was granted on September 26, 2014, and remains in force for twenty years. The Gallagher variety may be sold by variety name only as a class of certified seed.

By an agreement with OSU, plaintiff OGI is the exclusive licensee of the variety. It has exclusive rights to use, produce, and sell the variety, and has the legal right to enforce the PVP Certificate against infringers.

The defendants knew Gallagher was a protected variety of wheat by January 1, 2015 at the latest. Nevertheless, they sold uncertified Gallagher seed by variety name to multiple customers without authority. In doing so, they sold the Gallagher seed with full knowledge that it was illegal.

The evidence establishes that defendants sold at least 6,100 bushels of the Gallagher variety during the fall of 2017. Plaintiff's expert, Dr. Leonard White, formulated a range of damages based on a one-year, two-year, and three-year time horizon. Even under the most conservative of damages calculation using only a one-year time horizon, the damages are $173.07 per bushel of unauthorized wheat seed sold by the defendants. Based on 6,100 bushels of unauthorized sales in 2017, the total economic damages are at least $1,055,727.

The uncontroverted facts establish that Kelly and MK Farms have violated the PVPA, 7 U.S.C. § 2541(a) by engaging in unauthorized sales of the Gallagher wheat variety protected by an exclusive license held by OGI, and OGI is entitled to a reasonable royalty. 7 U.S.C. § 2564(a).

As noted, the expert report by Dr. White reasonably calculates the royalty which OGI would have received as $1,055,727. This calculation is premised on the exponential growth of unlicensed seed as it is replanted across three harvests. The court finds the calculation reflects a reasonable royalty in light of the relevant factors. *See Monsanto Co. v. Ralph*, 382 F.3d 1374, 1383 (Fed. Cir. 2004).

In addition to its right to relief under Rule 56, the court agrees OGI is also entitled to default judgment on its claims pursuant to Rule 37 given the repeated violation of the court's orders. On August 29, 2018, the Magistrate Judge granted OGI's motion to compel, and ordered Kelly and MK Farms to respond to written discovery requests within 30 days. (Dkt. 43). The court also deemed admitted the Request for Admissions served on defendants.

The court held a status conference on August 28, 2018, which defendants failed to attend (Dkt. 42). Defendants were given personal notice by the United States Marshals Service (Dkt. 48) of a subsequent hearing, held on October 4, 2018, but refused to attend. (Dkt. 51). The court then approved an award of $2,924.50 in attorney fees to compensate OGI for its attempts to force defendants to comply with their discovery obligations. (Dkt. 52). Defendants have refused to pay the award.

Kelly and MK Farms have thus violated thee separate orders of the court: (1) the August 29, 2018 directive to comply with discovery requests (Dkt. 43, at 3); (2) the September 19, 2018 order mandating that all parties to appear in person at the October 4 hearing (Dkt. No. 47); and (3) the October 16, 2018 order requiring defendants to pay to attorney's fees.

Under Rule 37(b)(2)(A), the court may sanction a party who refuses to participate in discovery by various means, including the award of default judgment. This power may be employed in the court's discretion in order to enforce the management of cases. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). Given the repeated violations of the orders of the court, notice of which have been personally supplied to defendants, the court finds that default judgment should issue in favor of OGI.

Under 7 U.S.C. § 2564(b), the PVPA authorizes the trebling of damages in cases where damages are not determined by a jury. Here, Kelly and MK Farms have refused to participate in the action, and have supplied no reason why the court should not order trebling of damages. Defendants have admitted they sold OGI's Gallagher wheat intentionally and without authorization. Accordingly, the court grants the plaintiff's request for treble damages.

The court also awards costs and interest, pursuant to 7 U.S.C. § 2564(a), and attorney fees under 7 U.S.C. § 2565. As noted earlier, the Magistrate Judge awarded limited attorney fees in connection with the motion to compel, and the court finds no reason to refuse a similar request as to the remainder of the case, given the clear refusal

of defendants to comply with their legal obligations both under the PVPA, and subsequently during the prosecution of the case under the Federal Rules of Civil Procedure.

Finally, the court grants OGI's request for injunctive relief under 7 U.S.C. § 2653. Defendants Kelly and MK Farms—and all successors, assigns, officers, agents, employees, representatives, and all other entities or persons in active concert or participation with either or both of them—are hereby enjoined and permanently restrained pursuant to 7 U.S.C. § 2563, so long as the subject certificates of protection are valid and enforceable, from selling, offering for sale, or using any of Oklahoma Genetics, Inc.'s or Oklahoma State University's federally protected varieties as seed for planting purposes, and from instigating, assisting, or inducing any performance of such acts by others.

IT IS SO ORDERED this day of January, 2019, that the plaintiff's Corrected Motion for Summary and Default Judgment (Dkt. 58) is hereby granted as provided herein. Plaintiff's earlier Motion (Dkt. 56) seeking the same relief is denied as moot.

s/ J. Thomas Marten
J. Thomas Marten, Judge